Filed 9/23/25  In re A.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | C103820 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.M.,<br><br>Defendant and Appellant. | (Super. Ct. No. STK-JD-DP-2022-0000171) |

1

This is the second appeal filed by appellant C.M. (mother), mother of the minor A.M., after termination of her parental rights. (Welf. & Inst. Code, § 366.26.)[1] In mother's previous appeal, this court conditionally reversed and remanded for limited proceedings to ensure compliance with the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). (*In re A.M.* (Jan. 17, 2025, C101220) [nonpub. opn.].) In this appeal from the juvenile court's orders reinstating the orders terminating parental rights and freeing the minor for adoption, mother contends the juvenile court and the San Joaquin County Human Services Agency (Agency) failed to comply with this court's earlier remand. We agree and are compelled to, once again, remand for further ICWA compliance.

During the course of our review of the record in the previous appeal, we noted this court had denied appellant's earlier-filed petition for extraordinary writ relief, finding the contention that the inquiry and notice provisions of the ICWA were not satisfied was premature because it did not appear the juvenile court ruled on the application of the ICWA to this case at or before the challenged hearing. Further, the appellate record in the previous appeal reflected that the juvenile court had not made an ICWA finding prior to the April 29, 2024 termination of parental rights, which order is the subject of that appeal. We provided the parties with the opportunity to provide supplemental briefs regarding the effect of the juvenile court's termination of parental rights without first determining the applicability of the ICWA or the sufficiency of the ICWA notices. Thereafter, on November 20, 2024, at a hearing at which neither mother nor her counsel were present,[2] the juvenile court made a finding the ICWA did not apply.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Presumably, mother and her counsel did not participate in these subsequent hearings since her parental rights had been terminated.

On January 17, 2025, a different panel of this court issued its opinion in mother's previous appeal. The disposition provided as follows: "The orders terminating parental rights are conditionally reversed and the matter is remanded for limited proceedings to determine ICWA compliance. The juvenile court is directed to reappoint counsel for mother and make findings at a noticed hearing. If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and the ICWA does not apply, the orders shall be reinstated. If, however, the juvenile court finds the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions." (*In re A.M.*, *supra*, C101220.)

After the issuance of the opinion in the previous appeal, but prior to the issuance of the remittitur, the Agency filed an ICWA compliance report. The record does not reflect that the report was served on mother or her counsel. The remittitur issued in the previous appeal on March 21, 2025, and the juvenile court confirmed that it had read our filed opinion. Then, at an April 2, 2025 hearing at which neither mother nor her counsel were present, the juvenile court again made a finding the ICWA did not apply.

On May 2, 2025, the Agency filed a status report prepared for a review hearing set for May 21, 2025, which included a summary of its ICWA inquiry efforts and noted the juvenile court had found the ICWA did not apply. The record does not reflect that the report was served on mother or her counsel.

Mother appeared at an interim hearing on May 14, 2025, described on the minute order as an "ICWA Hearing." The following colloquy took place:

"[COUNSEL FOR AGENCY]: So the parental rights were reinstated temporarily for the department to complete ICWA compliance.

"We have a report for today's -- well, had a hearing date of 4/2 on it.

"The mother is present today. Her prior attorney was public defender.

3

"[PUBLIC DEFENDER]: Your Honor, we would ask to be reappointed on this matter.

"THE COURT: Make sure I've got the right case. Is this [A.M.]?

"[COUNSEL FOR AGENCY]: Yes.

"THE COURT: The public defender is reappointed for [mother].

"[COUNSEL FOR AGENCY]: We do have an ICWA compliance report. We're asking the Court to find that Native American heritage does not apply.

"[MINOR'S COUNSEL]: I would submit on that report.

"[PUBLIC DEFENDER]: Your Honor, given that we were just reappointed today, we will make the same objection. I don't believe due diligence has been exercised in this matter. And we'd object to the Court proceeding forward.

"THE COURT: The Court previously made an order that ICWA does not apply on April 20, 2024. But in this case, the Court has reviewed the ICWA report again, or this current report, which is -- this is the one dated 12/31; correct?

"[COUNSEL FOR AGENCY]: I don't have a file-stamped copy. I just have a hearing date of 4/2/25 on the report.

"THE COURT: That's it.

"The Court finds due diligence has been exercised. And based on the information available, the minor is not an Indian child and ICWA does not apply to this minor [A.M.]"

The juvenile court then reinstated the findings and orders terminating parental rights and concluded the proceedings.

We agree with mother that the foregoing proceedings did not comply with the letter or spirit of our previous disposition, which directed the juvenile court "to reappoint counsel for mother and make findings at a noticed hearing." As we explained in our previous opinion, one of the *several* reasons we rejected the Agency's contention that the subsequent November 20, 2024 ICWA hearing and/or findings had cured the ICWA error

4

is that there are "obvious due process complication[s]" in having ICWA compliance findings, and orders occur "*after* termination of parental rights, when mother had no right to counsel, no right to appear at the hearing, no ability to object to any ICWA noncompliance, and no right to appeal from the findings or order." (*In re A.M.*, *supra*, C101220.)

Nonetheless, the juvenile court and Agency proceeded with a *second* ICWA hearing on April 2, 2025, *again* without reappointing counsel for mother and having a noticed hearing. That hearing was then followed by this challenged *third* hearing, which did not appear to be properly noticed, and at which mother's counsel, who had been reappointed moments before, was denied a meaningful opportunity to participate.

The purpose of reappointing counseling and having a noticed hearing was to allow mother and counsel to review the latest ICWA report, meaningfully participate in the hearing, and preserve objections as necessary. Unfortunately, this did not occur and, as a result, there will be further delay of permanency for the minor. For these reasons, we must conditionally reverse the orders terminating parental rights and remand the matter once again.

DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for limited proceedings to determine ICWA compliance. On remand, the juvenile court is directed to: (1) vacate its previous ICWA findings and orders; (2) reappoint counsel within 20 days from the issuance of our remittitur; (3) require the Agency to file and serve on mother's counsel and minor's counsel an updated ICWA compliance report; (4) set a noticed ICWA compliance hearing to be held at least 15 days after the updated ICWA compliance report is filed and served; and (5) enter new ICWA findings and orders after allowing mother's counsel and minor's counsel to meaningfully participate in the hearing. If the juvenile court finds the ICWA inquiry was proper and adequate, due diligence has been conducted, and the ICWA does not apply, the orders

5

terminating parental rights shall be reinstated. If, however, the juvenile court finds the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions.


                                               /s/
                                        BOULWARE EURIE, J.


We concur:


      /s/
HULL, Acting P. J.


      /s/
ROBIE, J.